**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD SNOW<br>on behalf of plaintiff and the class members<br>defined below, | ) )<br>) )<br>) ) |
| Plaintiff, | ) )<br>) ) |
| vs. | ) )<br>) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC;<br>and FREEDMAN ANSELMO LINDBERG, LLC, | ) )<br>) )<br>) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Edward Snow brings this action to secure redress from unlawful

collection practices engaged in by defendants Portfolio Recovery Associates, LLC  ("PRA") and

Freedman Anselmo Lindberg LLC ("FAL").  Plaintiffs allege violation of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection

methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt: it also requires debt collectors

to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

§1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

4.     Venue and personal jurisdiction in this District are proper because:

        a.     Defendants' collection communications and activities impacted  plaintiff

               within this District;

        b.     Each defendant does or transacts business within this District;

        c.     Each defendant has offices within this District.

1

## PARTIES

5.      Plaintiff Edward Snow is an individual who resided in the Northern District of Illinois at the time of the events described herein.

6.      Defendant PRA is a limited liability company with offices at 120 Corporate Blvd., Norfolk, VA 23502. It does or transacts business in Illinois and has offices in Rosemont, Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.      Defendant PRA is engaged in the business of purchasing or claiming to purchase allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8.      Defendant PRA pays an average of less than ten cents on the dollar for the debts it purchases.

9.      Defendant PRA then attempts to collect the allegedly purchased debts by filing suits on them.

10.     During the period from August 4, 2014 to October 9, 2014, PRA filed 1,000 collection lawsuits in the Circuit Court of Cook County alone, with additional cases in other counties and states.

11.     Defendant PRA regularly uses the mails and telephones in conducting its business.

12.     Defendant PRA is a "debt collector" as defined in the  FDCPA.

13.     Defendant FAL is a law firm organized as an Illinois limited liability company with offices at 1771 W. Diehl Road, Suite 150, Naperville, IL 60563.

14.     Defendant FAL's practice consists primarily of collecting allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

15.     FAL states on its web site (http://fal-illinois.com/article/collections/) that "Freedman Anselmo Lindberg LLC (FAL) is a leader in creditor's collections and bankruptcy

2

representation. . . . Our capabilities in the area of creditors' rights are unequaled in that we have a sizable, experienced staff, including management, clerks, collectors and paralegals, who concentrate exclusively on creditors' rights claims. More importantly, our efficient CLS Collection Master© system enables us to provide our clients with timely status and collection reports, and we can generate court forms for all counties statewide. Commissions are computed automatically, and remittances on clear funds can be forwarded immediately, even electronically via wire or ACH transfer. Volume clients can elect to receive payments in the form of detailed, combined reports at time intervals suited to their particular needs. We are EDI ready, servicing various nationwide collection networks. Automated tickler systems track payment schedules and court dockets for increased efficiency and collections. Our dialer system assures regular follow up. . . . FAL are collections professionals, and employ national information databases to assist in location and asset tracing. Our experience in representing credit grantors, debt buyers, retailers and financial institutions gives us the clear edge to professionally collect their past due debts. Our telephone collectors are routinely trained in FDCPA compliance, maintaining a 'collect with dignity' approach. FAL charges a most competitive fully contingent fee rate on retail collections. Flat fee and hourly pricing is also available."

16.     Defendant FAL regularly uses the mails and telephones in conducting its business.

17.     Defendant FAL is a debt collector as defined in the FDCPA.

## **FACTS**

18.     On or about January 31, 2014, PRA, represented by FAL,  filed suit against Edward Snow in Circuit Court of Cook County, Case No. 14 M1 105731, in an attempt to collect an alleged credit card debt originally owed to Capital One.  (Exhibit A, Copy of the Summons and Collection Complaint)

19.     The complaint was never served but Snow found out about it through correspondence from bankruptcy attorneys.

3

20.     The Collection Complaint states that "Edward Snow, is indebted to plaintiff, Portfolio Recovery Associates, LLC, by virtue of a certain agreement opened or in the alternative entered into by Defendant on or about May 22, 2006."  (Exhibit A, ¶1)

21.     The Affidavit attached to the Collection Complaint states that PRA purchased the Capital One account on February 21, 2013.

22.     The Affidavit attached to the Collection Complaint further states that as of "11/18/2008" the amount owed on the account was $5,342.00.

23.     The Collection Complaint did not have attached to it any contract signed by the putative debtor, Edward Snow.

24.     PRA maintains computerized records of payments, charge-off dates, delinquency dates, and statute of limitations dates, on purchased accounts.

25.     The computerized records of PRA relating to the account that was the subject of Exhibit A did not show any payment within five years prior to the filing of the action.

26.     On August 29, 2014, the case was dismissed without prejudice.

27.     Subsequent to the dismissal, on or about or about September 16, 2014, PRA sent plaintiff Snow the letter attached as Exhibit B, referring an account ending in 0614.

28.     Exhibit B sought to collect the same purported credit card debt incurred for personal, family or household purposes and not for business purposes which was at issue in Exhibit A.

29.     Exhibit B offers to settle the alleged debt through three different settlement plans.

30.     Exhibit B states that Plaintiff may participate in the "Settlement Plan" and pay the debt in 12 payments of $346.95, and  "Save $1,784.28,"  but that the first payment must be "received **NO LATER** than *10/10/14.*"

31.     The second option offered by Exhibit B, the "Settlement Plan," demands that Plaintiff pay $185.87 over 24 months, to save "$1,486.80."

32.     The final option provided by Exhibit B demands that Plaintiff pay $135 for 36

4

months and "Save $1,087.68."

33.     Below each option, the letter states that "Your account will be considered 'Settled in Full' after your final payment is posted."

34.     The collection letter does not disclose that the statute of limitations had long since expired or that making a small payment could revive the debt.

35.     If the debt is owed at all, it was incurred prior to 2008.

36.     Defendants regularly seek to collect credit card bills.

37.     The statute of limitations on a credit card debt in Illinois is five years.

38.     The debt was beyond the statute of limitations at the time defendants filed Exhibit A and the time defendant PRA sent Exhibit B.

39.     The alleged debt that were the subject of Exhibits A-B were no longer enforceable through legal action as a result of the expiration of the five-year statute of limitations, 735 ILCS 5/13-205.

40.     Defendant PRA regularly attempts to collect debts on which the statute of limitations has expired and not disclose that the debt is barred by the statute of limitations.

41.     Nothing in Exhibits A or B disclosed that the debts were barred by the statute of limitations or not legally enforceable.

42.     The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

43.     In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.  *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ

(M.D.Fla.).

44.     On October 1, 2012,  the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.   The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ."  (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

45.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003,  p. 6 of 28).  Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

46.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

47.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

48.     Courts have also held that the offer of a settlement on a time-barred debt is misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

## COUNT I -- FDCPA – LETTERS

49.     Plaintiff incorporates paragraphs 1-48.

50.     This claim is against PRA.

51.     Defendant engaged in unfair, deceptive, and misleading acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers collection letters that contain settlement offers on time-barred debts without disclosure of the fact that the debt is time barred.

52.     The settlement offers presented in <u>Exhibit B</u> are misleading because the statute of limitations on the alleged debt had expired and defendant had no cognizable legal claim to recover the debts.

53.     The offer of a "settlement" and references to saving money in <u>Exhibit B</u> implies a colorable obligation to pay and are misleading to the consumer.

54.     Section 1692e provides:

> **§ 1692e.        False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

55.     Section 1692f provides:

> **§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

56.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

57.     The class consists of (a) all individuals in Illinois (b) to whom PRA sent a letter that referred to a "settlement" seeking to collect a debt (c) which debt was a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

58.     On information and belief, the class members are so numerous that joinder of all members is not practicable, in that they exceed 40 in number.

59.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are (a) whether defendant attempts to collect time-barred debts without disclosure of that fact and (b)  whether such practice violates the FDCPA.

60.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

61.     Plaintiff will fairly and adequately represent the class members.  Plaintiff  has retained counsel experienced in class actions and FDCPA litigation.

62.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible.

b.      Members of the class are likely to be unaware of their rights;

c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members

8

and against defendant for:

        i.      Statutory damages;

        ii.     Actual damages, including all amounts paid on time-barred debts;

        iii.    Attorney's fees, litigation expenses and costs of suit;

        iv.    Such other and further relief as the Court deems proper.

## COUNT II -- FDCPA – TIME BARRED LAWSUITS

63.    Plaintiff incorporates paragraphs 1-48.

64.    This claim is against both defendants.

65.    Defendants engaged in unfair, deceptive, and misleading acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, filing legal actions on time-barred debts. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013); *Herkert v. MRC Receivables Corp.,* 655 F.Supp.2d 870 (N.D. Ill. 2009); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

66.    Defendants regularly file lawsuits against Illinois residents on time-barred credit card debts.

67.    Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

68.    Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

69.    Plaintiff brings this claim on behalf of two classes pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

70.    The PRA class consists of (a) all individuals  (b) sued in Illinois in the name of PRA (c) on a credit card debt (d) where the date of delinquency or last payment in defendant's records are both more than five years prior to the filing of suit, and (e) the suit was filed on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

71.    The FAL class consists of (a) all individuals (b) sued in Illinois by FAL (on behalf of anyone) (c) on a credit card debt (d) where the date of delinquency or last payment in defendant's records are both more than five years prior to the filing of suit, and (e) the suit was filed on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

72.    On information and belief, the class members are so numerous that joinder of all members is not practicable, in that each class exceeds 40 in number.

73.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are (a) whether each defendant has a practice of filing lawsuits against Illinois residents on credit card debts that are more than 5 years old, and (b) whether such practices violate the FDCPA.

74.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

75.    Plaintiff will fairly and adequately represent the class members.  Plaintiff  has retained counsel experienced in class actions and FDCPA litigation.

10

76.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights;

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i.     Statutory damages;

    ii.     Actual damages, including all amounts paid on time-barred debts;

    iii.     Attorney's fees, litigation expenses and costs of suit;

    iv.     Such other and further relief as the Court deems proper.


                                           s/Daniel A. Edelman
                                           Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
20 South Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman